IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-150 |
| | ) | |
| HERBERT DWAYNE CALDWELL, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## ORDER OF DETENTION

This case came before the Court on August 14, 2008, for a hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 18] to determine whether the defendant's pretrial release should be revoked. See 18 U.S.C. § 3148(a). Assistant United States Attorney Matthew T. Morris was present on behalf of the government. Attorney Kim A. Tollison was present representing the defendant, who was also present.

On January 31, 2008, the defendant was conditionally released on personal recognizance [Doc. 7]. The conditions of his release included that he refrain from use or unlawful possession of a narcotic drug or other controlled substance unless it was prescribed by a licensed medical practitioner. The defendant's pretrial services officer filed a Petition for Action on Conditions of Pretrial Release [Doc. 18] on August 11, 2008, alleging that the defendant had tested positive for cocaine on June 2, 2008; submitted a diluted sample on July 29, 2008; tested positive for oxycontin on August 6, 2008; admitted use of methadone and daily use of oxycontin on August 6, 2008; failed to call the pretrial services officer to discuss a treatment plan on August 7, 2008; and declined counseling on August 11, 2008. Based upon these alleged violations, the government moved for

1

detention and revocation of the Order Setting Conditions of Release. At the August 14 hearing, defense counsel acknowledged the truth of the above allegations but requested that the defendant be sent to Midway Sanctions Center for drug treatment. The government argued that the defendant was unlikely to abide by any conditions of release and that he should be detained until his October 1, 2008 trial for the safety of the community.

The Court finds that pursuant to 18 U.S.C. § 3148, probable cause exists to believe that the defendant has committed a Federal, State, or local crime while on release. See 18 U.S.C. § 3148(b)(1)(A). The Court also finds clear and convincing evidence that the defendant has violated other conditions of his release. See 18 U.S.C. § 3148(b)(1)(B). Finally, the Court determines that there are no conditions or combination of conditions that will assure that the defendant will not pose a danger to the safety of another person or the community. See 18 U.S.C. § 3148(b)(2)(A). Moreover, the defendant is unlikely to abide by any conditions or combination of conditions of release. See 18 U.S.C. § 3148(b)(2)(B). In this regard, the Court finds that the defendant's purported realization of his drug problem is too weak and too late. It also notes that the defendant attempted to trick his pretrial services officer with a diluted specimin and, therefore, cannot be trusted. Accordingly, the Order Setting Conditions of Release [Doc. 7] is hereby **REVOKED** and the defendant is remanded to the custody of the United States Marshal pending his trial on **October 1, 2008**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge